Matter of Blancato (2021 NY Slip Op 04913)





Matter of Blancato


2021 NY Slip Op 04913


Decided on September 1, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
PAUL WOOTEN, JJ.


2021-04165

[*1]In the Matter of Richard T. Blancato, admitted as Richard Thomas Blancato, an attorney and counselor-and-law, respondent. (Attorney Registration No. 1246172)



APPLICATION pursuant to 22 NYCRR 1240.10 by Richard T. Blancato, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 11, 1969, under the name Richard Thomas Blancato, to resign as an attorney and counselor-at-law.



Gary L. Casella, White Plains, NY (Antonia Cipollone of counsel), for Grievance Committee for the Ninth Judicial District.
Richard T. Blancato, Copake Falls, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, has submitted an affidavit sworn to on May 24, 2021, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District involving, at a minimum, the failure to safeguard client funds. The respondent avers that he cannot successfully defend against the allegations based on the facts and circumstances of his professional misconduct.
The respondent also acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the consequences of submitting his resignation, including that the Court's acceptance and approval of his resignation shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Francesco Racanelli, or that he reimburse the Lawyers' Fund for Client Protection in the amount of $245,000. In addition, he states that his resignation is submitted subject to any future application that may be made by a Grievance Committee for an order that he make restitution or reimburse the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Finally, the respondent states that he understands that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to [*2]Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and WOOTEN, JJ., concur.
ORDERED that the application of the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Francesco Racanelli; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Francesco Racanelli, the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, shall make monetary restitution to Francesco Racanelli, in the amount of $245,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Francesco Racanelli, the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, shall make partial restitution to that individual to the extent that he has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Richard T. Blancato, admitted as Richard Thomas Blancato, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Acting Clerk of the Court